UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARIA MUNGUIA                        *        CIVIL ACTION

versus                               *        NO. 06-8776

ALLSTATE INSURANCE COMPANY, ET AL.   *        SECTION "F"


ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

Maria Munguia's property on Prytania Street in New Orleans was damaged by Hurricane Katrina.  Ms. Munguia had secured a homeowners insurance policy from Allstate Insurance Company  in 1998 through Jay Cambias Insurance Agency.  She filed claims under her policies, but Allstate has refused to pay the claims.

Ms. Munguia sued Allstate, Jay Cambias Insurance Agency, and Audobon Painting Contractors, LLC in state court on August 29, 2006.  She accuses Jay Cambias of negligence in the procurement of insurance, including failing to secure the flood insurance she requested and failing to advise her regarding the inadequacy of her flood insurance.  She contends that "[w]ithin the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes."  She accuses

1

Allstate of bad faith and breach of contract in the settlement of her claim.

On October 20, 2006, Allstate removed the suit to this Court, invoking the Court's diversity jurisdiction. Allstate concedes that Jay Cambias is a Louisiana citizen that defeats this Court's diversity jurisdiction, but contends that the Court should disregard his citizenship because Ms. Munguia improperly joined him to defeat federal jurisdiction.

Ms. Munguia now moves to remand.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

Allstate argues that the plaintiff's claims are preempted because the policies became effective more than three years before

2

the plaintiff's suit.   But the plaintiff alleges that she had conversations with the agent within a year from her filing her lawsuit and further that she requested changes to their coverage within three years of the damage to her home that caused her to discover the gap in their coverage.   Allstate fails to provide this Court with any evidence to contradict this assertion.   Because Louisiana law creates a fiduciary duty for agents to procure the coverage desired by their customers, the Court cannot say that the plaintiff in this case has no reasonable possibility of recovery under state law.   Therefore, the Court finds that Allstate has not carried its heavy burden to show that the in-state defendant, Jay Cambias, was improperly joined; thus, complete diversity between the parties is lacking.

Accordingly, the plaintiff's motion to remand is GRANTED. The case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, January 22, 2007.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

3